UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BARBARA A. SWEDA,

                Plaintiff,

        - against -

NANCY A. BERRYHILL,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-6236 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Barbara A. Sweda ("Plaintiff") brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking reversal of the Commissioner of the Social Security Administration's ("Commissioner") decision denying Plaintiff's application for Social Security Disability Insurance Benefits. Presently before the Court is the motion of Plaintiff's counsel, Charles E. Binder ("Binder"), for approval of attorneys' fees of $23,565, pursuant to Section 406(b) of the Social Security Act. For the reasons set forth below, the motion is granted in part and denied in part, and the Court awards Binder attorneys' fees in the amount of $17,450.

## BACKGROUND

      On November 9, 2016, Plaintiff commenced this action appealing the Commissioner's denial of Plaintiff's disability insurance benefits application. (Dkt. 1.) On April 17, 2017, Plaintiff filed a motion for judgment on the pleadings (Dkt. 9), to which the Commissioner responded by filing a cross-motion for judgment on the pleadings on June 16, 2017 (Dkt. 13). On January 2, 2018, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case to the Social Security Administration ("SSA") for further proceedings. (Dkt. 22.) On March 14, 2018, the parties stipulated, and the Court subsequently ordered, that Plaintiff would be awarded $6,750 for attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2412(d), and $400 in court costs, to be paid from the Judgment Fund pursuant to 28 U.S.C. § 1920. (Dkt. 24.)

On remand, Administrative Law Judge John J. Barry found Plaintiff disabled within the meaning of the Social Security Act as of October 1, 2011, her alleged onset date, and awarded disability insurance benefits to her. (Dkt. 25-2 ¶ 7; Dkt. 25-3, at ECF[1] 7–8.) The Commissioner withheld $23,565 from the award, representing 25% of Plaintiff's total past due benefits, so that Binder could: (1) petition the Commissioner under Section 406(a) for approval of a reasonable fee as compensation for services during the proceedings at the agency level; and (2) seek an award from this Court pursuant to Section 406(b) for the time Binder expended representing Plaintiff. 42 U.S.C. §§ 406(a) and (b).

Binder now moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $23,565, in connection with 34.9 hours of work before this Court that he and his colleagues undertook on behalf of Plaintiff. According to Binder's time records, Binder and his colleagues Daniel S. Jones and Eddy Pierre Pierre spent this time on the following tasks: (1) reviewing the file; (2) dictating a letter and the complaint; (3) reviewing the entire record and organizing medical evidence; (4) drafting a statement of facts; (5) conducting medical research; (6) drafting arguments; (7) editing a draft brief and preparing it for filing; (8) reviewing the Commissioner's brief, and drafting and editing a reply; and (9) calculating the EAJA fees and emailing the government attorney. (Dkt. 25-3, at ECF 5.) Based on Binder's time records, his motion seeks an award of attorneys' fees that would result in an effective hourly rate of $675.21.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Pursuant to a retainer agreement, Plaintiff agreed to compensate Binder for legal services by paying him a contingency fee of 25% of all past due benefits awarded to her. (Dkt. 25-3, at ECF 2–3.) Because 25% of the past due benefits awarded to Plaintiff amount to $23,565, Binder asks that this Court award attorneys' fees in that amount. (Dkt. 25-4, at 5.) The Commissioner does not oppose Binder's motion. (Dkt. 27, at 2.)

## DISCUSSION

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee" "not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). This 25% cap only applies to an award of attorneys' fees for representation before a federal court; it does not limit attorneys' fees that may be approved by the Commissioner for representation in agency proceedings. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019) ("If there is no fee agreement, the agency may set any fee, including a fee greater than 25% of past-due benefits, so long as the fee is 'reasonable.'"). The Second Circuit has held that a court's determination of whether fees requested under Section 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (ii) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citation omitted); *see also Barbour v. Colvin*, No. 12-CV-00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (same). In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Barbour,* 2014 WL 7180445, at *2 (citing

3

*Porter v. Comm'r of Soc. Sec.*, No. 8:06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)); *see also Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

Here, Binder's proposed fee of $23,565 is equivalent to the 25% cap. (Dkt. 25-2 ¶ 16.) Since there are no allegations or indications of fraud or overreaching with respect to the retainer agreement, the only question for the Court is whether a fee of $23,565 for 34.9 hours of work would result in a windfall to Binder.

Courts in this Circuit have identified several relevant considerations as to whether a requested award of attorneys' fees would constitute a windfall: (1) whether the attorneys' efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorneys is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorneys' experience in handling social security cases. *Rowell v. Astrue*, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008)). In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Binder correctly notes that, in determining the reasonableness of this fee, the Court may also consider how long he has represented Plaintiff, including the time spent in representing Plaintiff since 2013 before the SSA in three hearings and two appeals to the Appeals Council. (*See*

4

Dkt. 25-4, at 4–5 (citing *Roy v. Astrue*, No. 04-CV-1790 (CPS), 2008 WL 2370537, at *3 (E.D.N.Y. June 6, 2008)); Dkt. 25-2 ¶¶ 2, 3, 7.) Nevertheless, while Binder's extended representation of Plaintiff in agency proceedings informs the Court's assessment of the overall complexity of the case and the risks involved in Binder's representation of Plaintiff pursuant to a contingency fee agreement, hours spent on work before an agency are not compensable through an award of attorneys' fees under 42 U.S.C. § 406(b). *See Mitchell v. Astrue*, No. 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *5 (E.D.N.Y. Apr. 29, 2019) (finding that sixteen years spent in agency proceedings indicated that a case was complex, yet could not justify an otherwise unreasonable award amount based on time spent before the district court). Accordingly, while the Court acknowledges Binder's diligent pursuit of Plaintiff's claim for disability insurance benefits before the SSA, it is guided by, and adheres to, the principle that time spent in agency proceedings cannot support an otherwise unreasonable hourly rate of compensation for time spent working on Plaintiff's appeal before this Court.

Here, Binder seeks an award of $23,565 for 34.9 hours of work, resulting in an effective hourly rate of $675.21 per hour. Though Binder has not provided records that demonstrate his firm's regular hourly rate, records from another recent case indicate that the regular hourly rate for Binder's services is $193.81. *See Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018); *see also Mitchell*, 2019 WL 1895060, at *6 (relying on the regular hourly rate submitted by Binder in *Karki*). Thus, an award of $23,565 for 34.9 hours of work would greatly exceed Binder's standard rate. Furthermore, courts in this Circuit have repeatedly found that *de facto* rates above $500 per hour in social security cases are unreasonable. *See Mitchell*, 2019 WL 1895060, at *6 (stating the same and finding a $500 *de facto* hourly rate would provide reasonable compensation for work performed by Binder & Binder attorneys); *see*

*also Brown v. Colvin*, No. 15-CV-4823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018) (reducing proposed fees of $18,675 for 24.9 hours of work, resulting in an effective hourly rate of $750, to $12,450 in total fees, or an effective hourly rate of $500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *2 (E.D.N.Y. May 4, 2018) (reducing proposed fees of $14,000 for 19.7 hours of work, resulting in an effective hourly rate of $710.66, to $9,850 in total fees or an effective hourly rate of $500); *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, at *2–3 (E.D.N.Y. May 17, 2007) (reducing proposed fees of $44,694.75 for 33.5 hours of work, resulting in an effective hourly rate of $1,334.17, to $15,000 in total fees or an effective rate of $447.76).[2]

Consequently, the Court finds that Binder's request for $23,565 for 34.9 hours of work in this case would result in an unreasonable fee for his representation of Plaintiff in this matter. Instead, the Court finds that an award of $17,450 would adequately compensate Binder for the time that he spent on this case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client. This fee amount, which translates into an hourly rate of $500, provides reasonable compensation for the legal services provided by Binder and his colleagues. Lastly, the Court's award of $17,450

---

[2] Plaintiff is correct that courts in this Circuit have also approved fee awards in the social security context that exceed a *de facto* $500 hourly rate. *See, e.g.*, *Barbour v. Colvin*, No. 12-CV-00548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work for an effective hourly rate of $599); *Warren v. Astrue*, No. 06-CV-2933 (CBA), 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000 is a substantial sum for 38 hours of work [*i.e.*, $657 hourly rate], it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). However, this Court must exercise its own discretion to determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See, e.g.*, *Muniz v. Astrue*, No. 09-CV-3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b) is granted in part, and Binder is awarded $17,450 in attorneys' fees. Upon receipt of this award from the government, Binder shall promptly refund Plaintiff with $6,750, which represents the EAJA fees already received by counsel. This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 28, 2019
Brooklyn, New York